UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIAN CIDA,

Plaintiff,

v.

BONNIE LEE, M.D., et al.,

Defendants.

No. 2:13-cv-02289-KJN P

ORDER

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

In the present case, plaintiff names as defendants three supervisory medical providers who reviewed his administrative appeal challenging the alleged reduction in plaintiff's pain medications and treatment since his transfer to High Desert State Prison (HDSP) (date of transfer not provided). It appears undisputed that plaintiff, who is 36, has advanced degenerative disc disease which causes him severe and chronic pain. The complaint states that, since 2007, plaintiff was prescribed "pain medications which effectively combated his extreme chronic lower back pain," but were allegedly discontinued upon plaintiff's transfer to HDSP. (ECF No. 1 at 7.) Following plaintiff's transfer, Dr. Mark A. Liker, M.D., an outside spine specialist, sent a letter to HDSP which stated in pertinent part (id. at 15):

> [Plaintiff has] a history of low back pain, bilateral, and pain and numbness in the plantar aspect of both feet. The pain is aggravated with activity. The patient was previously on Neurontin which was providing him with significant pain relief and causing him some mild sedation with agitation.
>
> An MRI . . . confirm[s] the presence of two levels of degenerative disc disease at L5-S1 and L4-5. Mild neural foraminal stenosis is noted on the left side at L5-S1.
>
> Based on the above findings, I do not believe the patient would benefit from a surgical intervention. Therefore, non-surgical treatment should include the following:
>
> 1. Lumbar spinal epidural injections at L4-5 and L5-S1 three times per year bilaterally.
>
> 2. Neurontin 1200 mg three times per day, which was his prior dose and which provided him with significant benefit.
>
> 3. Pain management evaluation by Dr. Gabe Williams.
>
> 4. Physical therapy for core stabilization.
>
> I believe if these are pursued, the patient will dramatically improve his level of pain and improve his comfort. He does not need a followup neurosurgical consultation unless there are any dramatic changes in his status.

On October 4, 2011, plaintiff submitted a CDCR-602 Health Care Appeal, requesting medications (gabapentin (generic for Neurontin), fentanyl patch, and epidural injections); referral to the pain management clinic; regular referrals to a neurologist; and placement in a CDCR chronic care program. On November 1, 2011, the appeal was "partially granted" at the First Level, by HDSP Chief Physician and Surgeon Bonnie Lee, M.D., on the grounds that "you have a pending Telemed appointment with the Pain Management Consultant. You are being given Gabapentin in the interim. You are being seen by Tele Neurology." (ECF No. 1 at 17.)

On February 1, 2012, plaintiff's appeal was "partially granted" at the Second Level, by HDSP Chief Medical Executive D. Swingle, M.D., on the following grounds (id. at 19-20):

> You were last seen for pain management follow-up by Dr. G. Williams, Physical Medicine and Rehabilitation specialist in telemedicine on 1/25/2012. . . . The medication you take, gabapentin (Neurontin) 1200 mg twice a day, helps significantly without side effects. You still have not received physical therapy that has previously been recommended. [But plaintiff was instructed on exercises to perform on his own.] . . . You have started doing basic exercises since restarting Neurontin. It was reported that you are motivated to improve which is a positive prognostic factor for improving with physical therapy. A light duty work chrono was recommended. No assistive devices are needed.
>
> With regards to your requests:
>
> 1) You[] request a transfer and this is denied. You are currently on a regime of treatment which is deemed appropriate. Your medical needs can be accommodated at this institution and there is no medical indication for a transfer.
>
> 2) Specific medication/treatment requests are partially granted. As per telemedicine pain management recommendation you are receiving gabapentin. There is no indication for any narcotic medication at this time, including Fentanyl patches. ESI [epidural steroid injections] have not been recommended at this time. A referral for physical therapy was written 1/30/12.
>
> 3) Pain management referral was granted as you are being followed by telemedicine Pain Management and a follow-up was ordered for 2-3 months as per Dr. William's recommendation.
>
> 4) Referral to neurology is denied. There is no indication for a referral to neurology as the etiology of your pain is known and being managed by your primary care provided (PCP) in collaboration with Pain Management. All chronic care patients should be in chronic care program. . . .

////

On February 14, 2013, plaintiff's appeal was "denied" at the Third Level, by L.D. Zamora, Chief of California Correctional Health Care Services Office of Third Level Appeals-Health Care, on the following grounds (id. at 21-3):

> Your medication profile shows you have an active order for the medication gabapentin. Records show you have been evaluated by pain management who did not recommend epidural injections. There is no current documentation to indicate that your primary care provider (PCP) has determined your condition warrants a prescription for fentanyl patches at this time. Records dated in August 2012 document your refusal of your pain management follow-up encounter and you have since discontinued regular pain management appointments; however, you continue to receive regular periodic evaluation for your chronic care condition (pain) by your PCP and you continue to be prescribed gabapentin and ibuprofen with your home exercise program, which reportedly includes stretching and yoga.
>
> You received x-rays of the cervical spine and right and left shoulders on January 24, 2013, and you are being scheduled for a follow up appointment; you will receive a ducat indicating your appointment time.
>
> There is no current documentation to indicate that your PCP has determined your condition warrant subsequent referral to pain management (Physical Medicine and Rehabilitation specialist) or a neurologist at this time.

The complaint broadly (and inaccurately) alleges that defendant Lee "denied" plaintiff's appeal at the First Level, stating that "Inmates may not demand particular medications, diagnostic evaluation or course of treatment." (ECF No. 1 at 8 (quoting id. at 16).) The complaint next alleges that defendant Swingle "denied" plaintiff's appeal at the Second Level, stating "You are currently on a regimen of treatment which is deemed appropriate." (Id. at 8 (quoting id. at 20).) The complaint further alleges that defendant Zamora "denied" plaintiff's appeal at the Third Level, stating in pertinent part that that "there is no compelling evidence that warrants intervention at the Director's Level of Review. . . ." (Id. at 9 (quoting id. at 22).) Plaintiff alleges that, due to "defendants' deliberate indifference to his needs," he "has suffered unnecessary pain since being housed at High Desert State Prison," and "unnecessarily suffers daily, chronic, severe lower back pain that is known and proven to be relieved with certain medications. . . . Plaintiff should not have to live in constant suffering. . . ." (id. at 9, 10.)

////

Plaintiff seeks compensatory and punitive damages, declaratory relief, and preliminary and permanent injunctive relief requiring defendants to prescribe "pain relieving medications sufficient to effectively combat plaintiff's undeniable severe chronic lower back pain due to a medically diagnosed disc disease." (ECF No. 1 at 12.)

Contrary to the allegations of plaintiff's complaint, the appeal decisions attached to the complaint demonstrate that plaintiff is receiving medication and treatment for his chronic pain, based largely on Dr. Liker's recommendations. Specifically, plaintiff is receiving gabapentin, 1200 mg twice a day (rather than the recommended three times a day); he is also receiving ibuprofen; he is not receiving epidural injections because not recommended by his pain management provider; he is not receiving fentanyl patches (which were not recommended by Dr. Liker) because not recommended by his PCP; plaintiff was evaluated by telemedicine Pain Management provider Dr. Gabe Williams (as recommended by Dr. Liker), and had regular follow-up care with Dr. Williams, but plaintiff apparently discontinued these regular appointments; plaintiff was instructed on home exercises for core stabilization (as recommended by Dr. Liker), and apparently continues to perform these with some regularity; plaintiff received cervical and shoulder x-rays in January 2013, and was then awaiting a follow-up appointment; plaintiff's request for further referral to pain management was denied, as was his request for referral to a neurologist. For these reasons, the broad allegations of the complaint mischaracterize pertinent facts.

Plaintiff is informed that, to state a claim under the Eighth Amendment's proscription against deliberate indifference to a prisoner's serious medical needs,[1] he must allege not only that

[1] "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in

his medical needs are serious (apparently met in this case), but that each defendant's response or course of treatment was "medically unacceptable under the circumstances," and chosen "in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations and internal quotation marks omitted). Plaintiff must allege that he was harmed by defendant's purposeful act or failure to act in response to plaintiff's serious medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire v. CDCR, 726 F.3d 1062, 1081-82 (9th Cir. 2013) (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014). Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)).

Pursuant to these standards, and review of the exhibits attached to plaintiff's complaint, the court finds that plaintiff has failed to state a claim for deliberate indifference to his serious medical needs.

Moreover, plaintiff may be unable to state cognizable claims against the currently named defendants. In general, a defendant's participation in the administrative review of a plaintiff's

---

further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

inmate appeal does not give rise to a cause of action, particularly one premised on due process rights. See, e.g., Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 89 (1988) (no constitutional right to an inmate appeal or grievance process).[2] On the other hand, prison officials in administrative positions may be "liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help." Jett, supra, 439 F.3d at 1098 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976); and Greeno v. Daley, 414 F.3d 645, 652-53 (7th Cir. 2005). "A supervisor may be liable for an Eighth Amendment violation if he or she was made aware of the problem and failed to act or if he or she promulgated or enforced a policy under which unconstitutional practices occurred." Valley v. Director of Prisons, 2008 WL 436954, *5 (E.D. Cal. 2008) (citing Jett, 439 F.3d at 1098; and Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)); see also Horn v. Hornbeak, 2010 WL 1267363 (E.D. Cal. 2010) (medical supervisors). Hence, plaintiff can state a cognizable claim against the currently named supervisory medical defendants only if he can persuasively allege that one or more of them knowingly disregarded plaintiff's serious medical needs, by conduct (or failure to act) that represents more than negligence.

For these reasons, plaintiff's complaint will be dismissed, with leave to file an amended complaint that meets the substantive legal requirements set forth herein. Plaintiff need not file an amended complaint; however, if he does, he must clearly allege how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). The complaint must allege in specific terms how each named defendant allegedly violated plaintiff's constitutional rights. Id. There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d

---

[2] Accord, Lewis v. Ollison, 571 F. Supp. 2d 1162, 1170 (C.D. Cal. 2008) (dismissing corrections officials who denied plaintiff's appeals because "participation in the prison grievance process does not give rise to a cause of action"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (prison official's involvement in administrative appeals process cannot serve as a basis for liability in a Section1983 action); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (prison "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates").

740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff may, however, request that the copies of the administrative appeal decisions attached to his original complaint be attached to his amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

5. Failure to timely file an Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 12, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cida2289.14.new.kjn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADRIAN CIDA,

Plaintiff,

v.

BONNIE LEE, M.D., et al.,

Defendants.

No. 2:13-cv-02289-KJN P

NOTICE OF AMENDMENT

Plaintiff hereby submits the following document in compliance with the court's order filed_______________.

_______________ Amended Complaint

_______________ Plaintiff requests that his exhibits attached to his original complaint be attached to his Amended Complaint.

______________________________ Date

______________________________ Plaintiff