UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN CIDA, | No. 2:13-cv-2289 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| BONNIE LEE, M.D., et al., | |
| Defendants. | |

     Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. In an order filed May 12, 2014, the court screened plaintiff's initial complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it for failure to state a claim. (ECF No. 4.) Plaintiff was granted thirty days' leave to file an amended complaint.

     Plaintiff thereafter requested, and was granted, two extensions of time to file his amended complaint. (See ECF Nos. 7, 8, 11, 12.)

     On November 21, 2014, plaintiff filed an amended complaint with the court. (ECF No. 13.) The amended complaint is deemed timely filed. However, with the amended complaint, plaintiff simultaneously filed a motion for an additional sixty-day extension of time to file an amended complaint. (ECF No. 14.) In his motion, plaintiff claims that he requires the additional time in order to obtain certain medical records necessary to satisfactorily complete his complaint. In support of his motion, plaintiff has attached copies of three inmate requests, dated May 20,

1

2104, June 10, 2014, and September 21, 2014, seeking release of his medical file beginning in 2011. (Id. at 3-5.)

Out of an abundance of caution, and in order to ensure that plaintiff is properly able to present his case, the court will grant plaintiff a <u>final</u> thirty-day extension of time to file an amended complaint, one that includes the information that plaintiff claims to seek from his medical records. Plaintiff is advised that, even if prison authorities will not release copies of his entire medical file to him as he wishes, he may obtain the required information from the records in his central file, which must be made available for him to inspect pursuant to prison policies and procedures. "Inmates or parolees may review their own case records file and unit health records . . . ." Cal. Code Regs., tit. 15, § 3370(c). Accordingly, if prison officials have yet to provide plaintiff with copies of the records he seeks, he is directed to use prison procedures to access and review his central file, and thereby obtain the information he requires in order to file a second amended complaint.

Plaintiff is advised that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

Plaintiff states that he requires appointed counsel (or "advisory counsel") because he has limited law library access, lacks legal knowledge, is indigent and cannot afford counsel, and "is in no position to investigate crucial facts."  (ECF No. 15 at 1,3, 4.)   These are circumstances common to most prisoners litigating under Section 1983, and as such, do not represent the sort of exceptional circumstances which warrant a request for voluntary assistance of counsel.  Moreover, the court is unable to determine plaintiff's likelihood of success on the merits, as plaintiff has yet to file an adequate amended complaint with the court to be screened under 28 U.S.C. § 1915A(a).  Accordingly, having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 13) is deemed timely filed.
2. Plaintiff's motion for the appointment of counsel (ECF No. 15) is denied without prejudice.
3. Plaintiff's motion for an extension of time (ECF No. 14) is granted.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:
   a. The completed Notice of Amendment, and
   b. An original and one copy of plaintiff's amended complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in the

////

////

3

1 | dismissal of this action.  Plaintiff is cautioned that no further extensions of time will be granted.

Dated:  June 5, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cida2289.31+36

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ADRIAN CIDA,                          No. 2:13-cv-2289 MCE KJN P

12              Plaintiff,

13        v.                               NOTICE OF AMENDMENT

14  BONNIE LEE, M.D., et al.,

15              Defendants.

16

17       Plaintiff hereby submits the following document in compliance with the court's order

18  filed_____.

19            _____        Amended Complaint
    DATED:
20

21                                  _____
                                    Plaintiff
22
23
24
25
26
27
28

5